CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 3 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHAUN A. GOODE,                    )
    Petitioner,                      )          Civil Action No. 7:07-cv-00508
                                      )
v.                                 )          **MEMORANDUM OPINION**
                                      )
WARDEN OF WALLENS RIDGE            )
STATE PRISON,                      )          **By: Hon. James C. Turk**
    Respondent.                      )          **Senior United States District Judge**

Petitioner Shaun A. Goode, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Goode challenges his 1997 convictions in the Circuit Court for Page County for armed robbery and related offenses. The respondent filed a motion to dismiss, arguing that the petition is untimely, and Goode responded. Upon review of the record, the court finds that the motion to dismiss must be granted.

I.

Goode pleaded not guilty and after a September 2, 1997 bench trial, was convicted of attempted armed robbery, two counts of displaying of a firearm while committing a robbery, two counts of breaking and entering with intent to commit robbery, two counts of displaying a firearm in a threatening manner while committing a burglary, attempted breaking and entering, and unlawful discharge of a firearm in an occupied dwelling. On November 19, 1997, the court sentenced him to a total of 38 years imprisonment with 20 years suspended. Goode appealed only his firearms convictions, challenging sufficiency of the evidence. One judge of the Court of Appeals of Virginia denied Goode's appeal on June 4, 1998, and a three-judge panel of the court denied the petition on July 15, 1998. There was no appeal to the Supreme Court of Virginia.

In June 2005, Goode filed a petition in the Circuit Court of Page County that he styled as a "Motion to Vacate the Judgement or Grant a Belated Appeal," asking to have his criminal judgment vacated and then reentered to reactivate his time to appeal. The circuit court denied the motion on July 25, 2005, holding that it no longer had jurisdiction over the case because Goode had been transferred to the Virginia Department of Corrections (VDOC). Goode did not appeal

this ruling to the Supreme Court of Virginia. Goode did not file a petition for a writ of habeas corpus in either the circuit court or the Supreme Court of Virginia. This court received Goode's first submission on October 23, 2007, construed it as a § 2254 petition, and required him to amend to state his claims; he complied with this order on November 14, 2007. The only claim raised in his petition as amended is that ineffective assistance of counsel deprived him of the right to appeal to the Supreme Court of Virginia.

Goode offers documentation which, he argues, demonstrates that his federal petition should be considered on the merits despite the fact that he filed it almost ten years after his conviction. After the three-judge panel of the Court of Appeals of Virginia denied Goode's appeal on sufficiency of the evidence grounds on July 15, 1998, his court-appointed attorney informed Goode by letter that under the Rules of the Supreme Court of Virginia, counsel believed there were no additional appellate remedies. Counsel understood from the Rules that an appeal to the Supreme Court of Virginia must be based on a constitutional issue, a jurisdictional question, or a matter involving precedential value; he did not believe that Goode's issues on appeal fell into any of these categories, so Goode agreed that he would not pursue an appeal to the Supreme Court of Virginia. Counsel informed Goode that his representation thus ended with the entry of the Court of Appeals dismissal order.

Goode alleges that he repeatedly asked counsel and the circuit court to provide him with copies of the transcripts and other documents from the trial court proceedings. On February 26, 2004, counsel prepared an affidavit on Goode's behalf, relating his misunderstanding that Goode had no right to appeal to the Supreme Court of Virginia and stating his belief that his ineffective assistance of counsel had deprived Goode of his right to appeal. Based on the affidavit, Goode asked the circuit court to appoint counsel to assist him in regaining his right to appeal, and this request was granted. Court-appointed counsel soon informed Goode, however, that it was too late to pursue an appeal, a belated appeal, or a state habeas corpus petition under state law.

Counsel stated that he could not ethically file a petition on Goode's behalf, knowing that it was untimely; thereafter, the court granted counsel's request to withdraw.

The circuit court order that denied Goode's "Motion to Vacate the Judgment or Grant a Belated Appeal" also directed the clerk to forward a copy of Goode's motion and affidavit to the Court of Appeals and the Supreme Court of Virginia "to take such action as they may deem appropriates [sic]." In a May 30, 2006, response to a letter from Goode, a deputy clerk at the Supreme Court of Virginia advised him that the circuit court's action in sending a copy of its dismissal order to the Supreme Court of Virginia did not confer jurisdiction on the higher court to take any action in the matter.

II.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Goode's petition is clearly untimely under § 2244(d)(1)(A). A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). Goode's conviction became final on or about August 25, 1998, thirty days after entry of the

3

judgment of the Court of Appeals on July 25, 1998. <u>See</u> Supreme Court of Virginia Rule 5:14(a).[1] Clearly, his October 2007 submission to this court was not filed within one year of the date on which his conviction became final, and thus, his petition is untimely under Subsection A.

Subsections B and C of Section §2244(d)(1) do not apply to Goode's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims. Nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court.

Goode apparently believes that his filing period should be calculated under Subsection § 2244(d)(1)(D), when he obtained the affidavit from counsel, admitting that it was counsel's error that caused Goode to forego filing an appeal to the Supreme Court of Virginia. Even assuming that the affidavit was a new "fact," necessary for him to bring his current claim–that counsel's error deprived him of his right to appeal to the Supreme Court of Virginia, starting the time line in February 2004 does not render his federal petition timely. He did not file the federal petition within one year of discovering the affidavit. As stated, he did not execute the submission that the court construed as a § 2254 petition until October 2007, more than three years from the discovery of the new "fact."

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). This provision does not help Goode, however. He did not file his "Motion to Vacate the Judgment or Grant a Belated Appeal" until June 2005, more than one year after receiving trial counsel's affidavit. By that date, his one-year federal filing period had expired. Thus, even if the Motion to Vacate qualified as a properly filed state post-conviction proceeding, it was not filed in time to toll the running of the federal filing period. For these reasons, Goode's federal petition is clearly untimely under § 2244(d)(1)(D).

---

[1] In 2005, the Virginia General Assembly enacted Section 19.2-321.2, which allows a litigant six months from the date of the judgment to file a motion for belated appeal, based on some error or neglect not his own. Clearly, even if this statute could be applied to Goode's case, he did not satisfy its strict time line, because he did not raise his claim for a belated appeal until years after final judgment.

Finally, Goode fails to offer any ground upon which equitable tolling of the statutory period is warranted in his case. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

Goode blames his delay on the fact that counsel and the circuit court failed to provide him with copies of documents from his criminal proceedings. He fails to explain, however, and the court cannot find, how these materials were necessary for him to file a state habeas petition within a year regarding the denial of his appeal, pursuant to Virginia Code Ann. § 8.01-654(A)(2). Even if the court were to apply equitable tolling against the federal statutory period for nearly nine years— stop the clock until Goode had obtained the documents from the court file and received the affidavit from counsel and while he pursued his Motion to Vacate in the circuit court— his petition is still filed outside the one-year period. He received notice no later than May 30, 2006, that the Supreme Court of Virginia was not going to grant relief on his Motion to Vacate, because he had not properly appealed from the circuit court's order. Yet, Goode waited almost 15 months after receiving the Supreme Court's letter before writing to this court for help in late October 2007. Simply stated, Goode has not demonstrated due diligence in seeking to vindicate his rights related to his 1997 convictions and sentence. His lack of understanding of the legal process or the filing deadlines alone is not a sufficient excuse to warrant equitable tolling. Accordingly, the court concludes that his petition is untimely filed under § 2244(d) and will grant the motion to dismiss. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _23rd_ day of January, 2008.

_James C. Turk_
Senior United States District Judge